UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**

CASE NO.:_____

NZIGIA WINDROSS,

    Plaintiff,

v.

SODEXO, INC., a Delaware corporation, and
SDH SERVICES WEST, LLC, a Delaware
limited liability company

    Defendants.
_____/

## COMPLAINT

Plaintiff, NZIGIA WINDROSS, by and through her undersigned attorney, hereby files her Complaint, and sues Defendants, SODEXO, INC. (hereinafter, "Sodexo") and SDH SERVICES WEST, LLC (hereinafter, "SDH") (Sodexo and SDH are collectively referred to as "Defendants"), and says:

### JURISDICTION, VENUE, AND PARTIES

1. This is an action for interference and retaliation with Plaintiff's rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, *et seq.*, seeking damages, costs, and attorney's fees.

2. This Court has jurisdiction of the claims asserted herein pursuant to 28 U.S.C. § 1331 and 29 U.S.C.A. § 2617.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because: a) Defendants reside in this District within the meaning of 28 U.S.C. § 1391(c); and b) this is the District in which a substantial part of the events and/or omissions giving rise to Plaintiff's claims occurred.

4. Plaintiff, NZIGIA WINDROSS, at all times material to this action, was and is a resident of Broward County and otherwise *sui juris*.

1

5. Defendant, Sodexo, is a corporation organized and existing under the laws of Delaware, and which does substantial and not isolated business in Broward County, Florida.

6. Defendant, SDH, is a limited liability company organized and existing under the laws of Delaware, and which does substantial and not isolated business in Broward County, Florida.

7. This Court has personal jurisdiction over Defendants because Defendants are duly authorized to do, and are doing, substantial and continuous business in Florida.

8. At all times material hereto, Defendants were covered employer within the meaning and contemplation of the FMLA, 29 U.S.C. §2611(4)(A), in that they employed more than 50 employees in 20 or more workweeks in each calendar year, and that they were successors-in-interest.

9. At the time of the incidents relevant to this action, Plaintiff was jointly employed by Sodexo and SDH at the Florida Medical Center in Fort Lauderdale, Broward County, Florida.

10. All conditions precedent to the maintenance of this action by Plaintiff have occurred, or have been waived, performed, or excused.

11. Plaintiff has retained the undersigned law firm as her legal counsel in connection with this action, and is obligated to pay reasonable attorneys' fees and all cost incurred in connection therewith.

## GENERAL ALLEGATIONS

12. Plaintiff was an employee of a company providing services to Florida Medical Center pursuant to a contractual arrangement.  Plaintiff was first employed by the company in October 2005.

13. In or about January 2015, Defendants took over the contractual arrangement and began providing services to Florida Medical Center.

14. Upon information and belief, in taking over the contractual arrangement, Defendants substantially continued the same business operations, used the same location, continued the work force, which work force engaged in the same jobs and working conditions, which work force was supervised by similar supervisory personnel, which work force used similar machinery, equipment, and methods, and which work force provided similar services.  These circumstances demonstrate that Defendants are successors-in-interest to the prior company.

15. Upon information and belief, Defendant Sodexo is involved in the day-to-day operation of Defendant SDH, both of which were responsible for the supervision of Plaintiff.  Defendant

2

Sodexo and Defendant SDH share control of employees by reason of the fact that Defendant SDH is controlled by, or is under common control with, Defendant Sodexo. These circumstances demonstrate that Defendants were joint employers of Plaintiff.

16. When working for the prior company, Plaintiff was employed as a "director."

17. When Defendants took over the contractual relationship, Defendants informed Plaintiff that they did not have a "director" position, so they made her "operations manager." As operations manager, Plaintiff performed the same job duties as she previously did as director.

18. In September 2015, Defendants discovered that Plaintiff was pregnant.

19. At the time Defendants' management learned of Plaintiff's pregnancy, she told them that she anticipated taking FMLA leave. Moreover, by the very nature of pregnancy, Defendants' management knew that Plaintiff would take FMLA leave upon delivering her baby. Plaintiff's due date was estimated to be November 9, 2015, just over a month after the ten-year anniversary of Plaintiff's employment with Defendants, including Defendants' successor-in-interest.

20. Prior to that time, Plaintiff was a top employee with Defendants.

21. On September 24, 2015, Plaintiff completed and submitted her paperwork requesting FMLA leave, which leave request was granted by Defendants.

22. On October 12, 2015, Defendants notified Plaintiff that her position of "operational manager" would be eliminated sometime in January 2016.

23. In November 2015, Plaintiff gave birth to her child and went on her FMLA leave.

24. On December 8, 2015, Defendants notified Plaintiff that her positions of "operational manager" would be eliminated effective February 1, 2016.

25. On January 15, 2016, Defendants notified Plaintiff that she was required to contact human resources or her manager to arrange for her return to work on February 1, 2016.

26. On January 26, 2016, Plaintiff submitted to Defendants her return to work paperwork signed by a medical professional.

27. On January 27, 2016, in response to Plaintiff's submission of her return to work paperwork, Defendants notified Plaintiff that they "believe [she] will be separated from Sodexo February 1, 2016[.]"

28. On February 1, 2016, Defendants terminated Plaintiff's employment, claiming that Plaintiff's position of "operational manager" had been eliminated.

29. Upon information and belief, in December 2015, Defendants replaced Plaintiff with an employee performing the exact same job duties and responsibilities that Plaintiff previously performed, except that the new employee's job title was "director" instead of "operational manager".

## COUNT ONE: FMLA INTERFERENCE

30. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 29 as if fully set forth herein.

31. Plaintiff had the right to take FMLA leave after the birth of her child.

32. Under the FMLA, Plaintiff had the right to be restored to her former position or its equivalent upon her return to work.

33. When Defendants terminated Plaintiff, they interfered with Plaintiff's right to her position, or its equivalent, and thus violated the FMLA

34. As a direct result of her termination, Plaintiff has suffered, and will continue to suffer a loss of wages, salary, employment benefits, and other compensation denied or lost to her by reason of Defendants' violation.  Defendants' conduct was not done in good faith, and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages salary, employment benefits, and other compensation.

35. Plaintiff is entitled to an award of her reasonable attorney's fees and costs incurred in this action pursuant to 29 U.S.C. §2617(a)(3).

WHEREFORE, Plaintiff, NZIGIA WINDROSS, requests judgment in her favor and against Defendants, SODEXO, INC. and SDH SERVICES WEST, LLC for:

    (a) Damages for lost wages, salary, employment benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FMLA, plus interest on such sum, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i) and (ii);

    (b) Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

    (c) Equitable relief as this Court deems appropriate, pursuant to 29 U.S.C. § 2617(a)(1)(B);

    (d) Plaintiff's costs, expert witness fees, and attorney's fees, pursuant to 29 U.S.C. § 2617(a)(3); and

    (e) Such other and further relief as this Court deems just and proper.

## COUNT TWO: FMLA RETALIATION

36. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 29 as if fully set forth herein.

37. Plaintiff had the right to take FMLA leave after the birth of her child.

38. Under the FMLA, Plaintiff had the right to be restored to her former position or its equivalent upon her return to work.

39. Defendants told Plaintiff that her position had been eliminated, but ultimately replaced Plaintiff with someone else.

40. Plaintiff's termination constituted an adverse employment action.

41. Plaintiff's action in taking her FMLA leave was "protected activity" under the FMLA.

42. Plaintiff's FMLA leave was, at a minimum, a motivating factor in Defendants' decision to terminate Plaintiff's employment.

43. Defendants' purported reason(s), if any, for terminating Plaintiff's employment are pretextual.

44. As a direct result of her termination, Plaintiff has suffered, and will continue to suffer a loss of wages, salary, employment benefits, and other compensation denied or lost to her by reason of Defendants' violation. Defendants' conduct was not done in good faith, and Plaintiff is therefore entitled to liquidated damages in an amount equal to her loss of wages salary, employment benefits, and other compensation.

45. Plaintiff is entitle to an award of her reasonable attorney's fees and costs incurred in this action pursuant to 29 U.S.C. §2617(a)(3).

WHEREFORE, Plaintiff, NZIGIA WINDROSS, requests judgment in her favor and against Defendants, SODEXO, INC. and SDH SERVICES WEST, LLC for:

   (f) Damages for lost wages, salary, employment benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FMLA, plus interest on such sum, pursuant to 29 U.S.C. § 2617(a)(1)(A)(i) and (ii);

   (g) Liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

   (h) Equitable relief as this Court deems appropriate, pursuant to 29 U.S.C. § 2617(a)(1)(B);

   (i) Plaintiff's costs, expert witness fees, and attorney's fees, pursuant to 29 U.S.C. § 2617(a)(3); and

   (j) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, NZIGIA WINDROSS, hereby demand a trial by jury on all issues and counts so triable.

Respectfully submitted this 30th day of January, 2018.

> By: s/Michelle Cohen Levy
> Michelle Cohen Levy, FBN 0068514
> **The Law Office of Michelle Cohen Levy, P.A.**
> 633 SE Third Avenue, Suite 4F
> Fort Lauderdale, Florida 33301
> P: (954) 651-9196 | F: (954) 463-1245
> Michelle@CohenLevyLegal.com
> *Counsel for Plaintiff*